UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

       -against-                                         S1 05 Crim. 0888 (LAK)

JEFFREY STEIN, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

          The question before the Court is whether instructing a criminal jury at the outset of a trial on the elements the offenses charged is improper.

*Background*

          By order dated April 7, 2006, the Court advised counsel that it would consider a number of trial procedures in furtherance of trying this multi-defendant case expeditiously and efficiently. The proposed procedures state:

> "The Court believes it helpful, particularly in long trials, to give preliminary substantive jury instructions upon the impanelment of the jury subject to the stated qualifications that the instructions are preliminary, that fuller instructions will be given at the end of the trial, and that the instructions given at the end of the trial will control deliberations. It anticipates that instructions setting forth in summary fashion the elements of the conspiracy, tax evasion, and other counts would be appropriate in this case together with the usual instructions concerning the conduct of the trial, the respective roles of the court and jury, etc."

They go on to urge the parties to agree on the specific language of the preliminary charge.

Defendant DeLap, joined by several other defendants, objects in principle to the giving of preliminary instructions.[1]  He contends that such instructions are precluded by FED. R. CRIM. P. 30 and, in any case, would be unconstitutional.

*Discussion*

It is only common sense to think that it would be helpful to the jurors to know at the outset of a long trial what they are going to be asked to decide at the end.  The undersigned is far from alone in this view.  The BENCHBOOK FOR U.S. DISTRICT JUDGES recommends that juries in criminal cases be given "a brief summary of the elements of the offense that the government must prove to make its case" at the outset of trials, subject of course to the caveats embodied in the Court's proposal.[2]  The Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION (FOURTH) says, in relevant part, the following:

> "Jurors can deal more effectively with the evidence in a lengthy trial if they are provided with a factual and legal framework to give structure to what they see and hear.  Moreover, jurors should understand the trial process in which they are about to participate and what they can expect.  Preliminary instructions provide context and basic guidance for the jurors' conduct.  These instructions typically contain or delineate the following:
>
> • *Preliminary statement of legal principles and factual issues.*  The instructions should . . . *explain briefly the basic legal issues and principles, such as the elements of claims and defenses to be proved.* The court should emphasize that these instructions are preliminary – they don't cover all the issues or principles – and that instructions

---

[1]    Notably, several defendants support the giving of preliminary instructions, although some have expressed their concern about the content and scope of any such instructions.

[2]    BENCHBOOK FOR U.S. DISTRICT JUDGES § 2.07, at 97 (4th ed. 1996 with March 2000 revisions).

given at the conclusion of the case will govern deliberations."[3]

DeLap's Rule 30 argument is unsupported by the language of the rule. To the extent it is even arguably relevant to this issue, it says only that "[t]he court may instruct the jury before or after the [closing] arguments are completed, or at both times." Thus, while it is common ground that the rule requires definitive instructions after the close of the proof – whether before or after closing arguments or both – the rule simply does not address the subject of preliminary instructions at the start of a trial.

The case law uniformly permits or, at least, notes without adverse comment the use by other district judges of preliminary instructions such as the Court proposes to give here.[4] In the sole case the Court has found in which an error in a preliminary instruction led to a reversal,[5] the Third Circuit made clear that the practice of giving preliminary instructions is perfectly appropriate:

> "Our holding today is not intended to discourage the very common practice of providing jurors with preliminary remarks to assist them during the course of the trial. We only hold that when such preliminary instructions are given, jurors must not be allowed to guess at which of two conflicting instructions control their deliberations. This can be avoided by simply informing jurors which instructions control in the event they perceive a conflict between something they are told during the course of the trial, and something contained in the formal instructions that will

---

[3]

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 12.432, at 154-55 (2004) (first emphasis original, second emphasis added).

[4]

*United States v. Hegwood,* 977 F.2d 492, 494-95 (9th Cir. 1992) ("[w]here the instruction challenged is given at the beginning of trial, reversal is unwarranted unless the defendant can prove prejudice or that the jury was materially misled"); *Guam v. Ignacio,* 852 F.2d 459, 461 (9th Cir. 1988) (same); *see United States v. Sagansky,* 358 F.2d 195, 201 (1st Cir. 1966) (instructions during trial as to joint commission of a crime and entrapment "necessary under the circumstances" and not prejudicial error).

[5]

It was not cited by DeLap.

follow the close of the evidence."[6]

DeLap nevertheless insists that no preliminary instructions should be given in light of *United States v. Yakobowicz*.[7] He is mistaken.

The point at issue in *Yakobowicz* was whether the trial court erred in allowing each party, at the close of the testimony of each witness, "to make a short statement to the jury,"[8] i.e., an interim summation. These were "fully argumentative summations" in which the government, at least, not only summarized testimony of the witness whose testimony had just concluded, but sometimes referred to the testimony of other witnesses and argued inferences from the evidence.

The Court of Appeals held that the use of the procedure in that case, which lasted only four and one-half days and which was not exceptional in any way, was error. It did so on this basis:

> "We conclude that use of the interim summation procedure in the present case was not only unjustified by the authorities cited above, but also violated appellant's constitutional right to a fair trial. For better or for worse, our system of justice anticipates that a criminal defendant is entitled to see the prosecution's whole case before deciding on a defense and to be judged by a jury that is strongly warned to keep an open mind until deliberations. This scheme seeks to reduce the tactical disadvantage of a defendant's waiving an opening statement or limiting such statement to cautioning the jury to withhold judgment until the end. It seeks to allow a defendant not to call any witnesses and still argue for an acquittal. It is a process that increasingly locks in the prosecution to a particular theory of the case while putting off the defense's commitment to a theory until the last practical moment and even then allowing the defense merely to poke holes in the government's case."[9]

---

[6] *United States v. Hernandez,* 176 F.3d 719, 735 n.10 (3d Cir. 1999).

[7] 427 F.3d 144 (2d Cir. 2006).

[8] *Id.* at 147.

[9] *Id.* at 153.

It declined, moreover, to hold that the use of interim summations "or similar procedures" is prohibited in every criminal case," noting that if it ever is permissible, it "should be based on findings that the case at hand differs from the garden variety of cases in which summations only at the close of the evidence are sufficient."[10]

This is said to be the largest criminal tax case in history. The trial will be a long and complex. Indeed, defendants have relied, albeit unsuccessfully, upon its length and complexity as justification for severance.[11] Preliminary instructions on the law as to the elements of the offenses charged – especially when given in conjunction with admonitions that the instructions are preliminary, that fuller instructions will follow at the end of the case, that the jury will be obliged to decide the case solely in accordance with the final formal instructions, and that the jury shall disregard any inconsistent language in the preliminary instructions – would bear no resemblance to the interim summations condemned in *Yakobowicz*. They would not allow the government any advantage, let alone an unfair advantage. They would not undermine "a defendant's waiving an opening statement or limiting such statement to cautioning the jury to withhold judgment until the end." They would not "lock[] in the prosecution to a particular theory of the case while putting off the defense's commitment to a theory until the last practical moment and even then allowing the defense merely to poke holes in the government's case." What they hopefully would do is define terms, such as conspiracy and tax evasion, that are at the heart of this case but familiar to lay jurors

---

[10]
      *Id.* at 151.

[11]
      DeLap's counsel admit that this is a "highly complex matter" and even express concern about whether the jury can make "a reliable judgment about [DeLap's] guilt or innocence." Letter, John R. Wing and Diana D. Parker, Apr. 26, 2006. The exceptional nature of this case thus is not controverted.

predominantly in their colloquial useages, and hopefully assist the jury by providing a framework against which to consider the evidence as it comes in. Thus, *Yakobowicz* does not compel, or even counsel, rejection in principle of preliminary instructions of the sort envisoned.

DeLap's objection is overruled. All parties will have an opportunity to participate in the formulation of the preliminary charge and to object to specific language before it is employed. But the assertion that any preliminary instruction on legal principles governing the case would be improper as a matter of principle, without regard even to the specific language, is baseless.

SO ORDERED.

Dated: May 3, 2006

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)