UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                                                                                     S1 05 Crim. 0888 (LAK)


JEFFREY STEIN, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## ORDER

LEWIS A. KAPLAN, *District Judge.*

        As a result of recent proceedings, it has come to the Court's attention that (1) certain defendants may be represented here by counsel who also have, or have had, attorney-client relationships with KPMG, (2) KPMG is objecting to the representation of these defendants by some or all of these attorneys in connection with the issue of advancement of legal fees, and (3) KPMG may assert civil claims against some or all of these defendants. It therefore appears possible that some defendants may be represented in this case by counsel who have professional obligations to KPMG which conceivably could be at odds with their professional obligations to the clients whom they represent here. There is, in consequence, at least a possibility that there are potential conflicts of interest.

        "The right to counsel under the Sixth Amendment entails 'a correlative right to representation that is free from conflicts of interest.'" *United States v. Levy,* 25 F.3d 146, 152 (2d Cir. 1994) (quoting *Wood v. Georgia,* 450 U.S. 261, 271 (1981)).

> "When a district court is sufficiently apprised of even the possibility of a conflict of interest, the court first has an 'inquiry' obligation. The court must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all. * * *
>
> "Whenever the court's inquiry reveals that a criminal defendant's attorney in fact suffers from an actual or potential conflict, the court has a subsequent 'disqualification/waiver' obligation. If the court discovers that the attorney suffers from a severe conflict--such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation--the court is obliged to disqualify the attorney. If the court discovers that the attorney suffers from a lesser or only a potential conflict--such that a rational defendant could knowingly and

intelligently desire the conflicted lawyer's representation--the court should follow the procedures set out in *Curcio,* 680 F.2d at 888-90, in order to obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer. If the court's inquiry reveals that there is no genuine conflict at all, the court has no further obligation." *Levy,* 25 F.3d at 153.

In the circumstances, the Court is obliged to inquire into the facts and details of the interests of the attorneys so situated in order to determine whether they "suffer[] from an actual conflict, a potential conflict, or no genuine conflict at all."

Accordingly, counsel for those defendants who were partners or employees of KPMG shall file, on or before July 27, 2006, affidavits or declarations stating whether the firm with which the attorney now is affiliated counsels or represents, or previously counseled or represented, KPMG and, if so, (a) when, (b) the general nature of the engagement(s), and (c) whether KPMG has objected to the firm's representation of the defendant whom the firm represents on this indictment in connection with the dispute between the defendant and KPMG concerning the advancement of legal fees. The affidavits or declarations shall state also whether the defendant whom the firm represents here was referred to the firm that represents him by KPMG or its counsel.

SO ORDERED.

Dated: July 20, 2006

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)