UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                                      S1 05 Crim. 0888 (LAK)

JEFFREY STEIN, et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**
(Corrected)

LEWIS A. KAPLAN, *District Judge.*

        After the superceding indictment was filed in October 2005, the Court set this case for trial commencing September 11, 2006. By order dated July 19, 2006, the Court granted a motion for a continuance and postponed it until January 2007. This delay was necessitated by (1) discovery problems, and (2) the government's violation of the constitutional rights of sixteen of the eighteen remaining defendants by improperly causing KPMG to depart from its uniform prior practice by cutting off its payment of these defendants' legal fees. The latter circumstances required additional proceedings prior to trial concerning the remedy, including a determination whether KPMG is legally obliged to pay those fees.[1]

        In September 2006, the government applied for a six month continuance of the trial, arguing among other things that the defendants needed the additional time for proper preparation. At a conference on September 26, 2006, several defendants joined in that request. The Court took the issue under advisement, indicating that it would review the matter once it was determined whether KPMG is obliged to advance defense costs. It indicated that it expected to be in a position to make an informed

---

[1] Docket item 631.

decision this month,[2] an estimate that presupposed that the KPMG fee issue would have been tried in October, which did not occur.

Last week, all defendants joined in a motion to adjourn the trial until no earlier than April 2007.  Although the government has not had time to respond to the motion and the Court therefore does not rely upon the defendants' unanswered contentions for present purposes, the motion grounds the adjournment request on (1) the government's production – since the Court last addressed this issue – of an additional 7 million pages of documents, and (2) the continued uncertainty concerning the fee advancement issue.

The significance of the KPMG fee advancement issue here long has been clear.  This Court found, after a full evidentiary hearing, that the government violated the rights of the KPMG Defendants by inducing KPMG – which otherwise would have advanced defense costs – to cut off payments upon indictment.  Rather than immediately dismissing the indictment or imposing other sanctions on the government, the Court reasoned that the issue whether KPMG was legally obligated to pay those fees first should be determined if that is possible.  If KPMG is obliged to pay, payment could greatly mitigate the impact of the government's improper actions.  This in turn could diminish the advisability of dismissal or other potentially serious sanctions.  If KPMG is not obliged to pay, or if a prompt determination is not feasible, the issue of sanctions could be considered after exhaustion of that possibility.[3]

The importance of this issue for the prompt and fair resolution of the charges in this case would be difficult to overstate.  While it appears that some of the KPMG Defendants may be well off,

---

[2] Tr., Sept. 26, 2006, at 110.

[3] *United States v. Stein,* 435 F. Supp. 2d 330, 373-74 (S.D.N.Y. 2006).

there is a real and growing possibility that some and perhaps all lack funds necessary to their defense.[4] One need note only that the government has produced literally millions of pages of discovery – much (perhaps most) of it long after the October 2005 discovery deadline and evidently much only recently – to understand the burdens upon the defendants and their lawyers.[5] As one attorney put it during the September 26 conference:

> "You know, your Honor, from the beginning of this case, I have sort of tried to avoid, and I think several of us have . . . really getting into the issue of the finances of the defendants. *   *   *
>
> "I don't have anything. We have no sort of – I have no staff. I'm basically by myself. The case has gotten longer and longer and more and more complex and more and more and more documents. And without relief in the fee case, I really don't know that I'll even be able to stay in this case, although I can tell you that I've tried everything humanly possible to do that and not to make an application like that [i.e., to be relieved], for many obvious reasons.
>
> "But I just have – I mean, at one point you get to the point where you just don't know how you're going to deal with this. And that's the point I'm at. I don't know if anybody else is there. I know I'm there."[6]

While this attorney did not speak for all, his comments may be appropriate for at least a number of the KPMG Defendants. Defendant Watson, for example, is a young man who has been unemployed for a year or more and whose net worth over two years ago was only $320,000, of which about a third was the equity in his residence.[7] Defendant Carol Warley, for another, is the primary

---

[4] As the Court previously held, the violation of the constitutional rights of the KPMG Defendants was complete without regard to any showing of prejudice. In any case, prejudice would be presumed here. *Id.* at 369-73.

[5] If, as defendants claim, the government now has produced an additional 7 million pages of documents since the Court last addressed the issue, which would bring the total to more than 15 million pages, the significance of a prompt determination of the fee advancement issue has only grown.

[6] Tr., Sept. 26, 2006, at 94-95; *see also id.* at 96-99.

[7] *United States v. Stein,* 440 F. Supp. 2d 315, 331-32 (S.D.N.Y. 2006).

support of her family,[8] and stands to be financially wiped out by the cost of defending this case, regardless of the outcome.[9] And it is unlikely that Watson and Warley are the only ones whose defenses are being constrained by lack of funds. Indeed, this Court previously estimated – before the estimated length of the trial grew materially – that the cost of having a single privately retained lawyer, at an hourly rate modest for this area, simply *attend* the trial probably would exceed $375,000 and that of a basic defense would be $500,000 to $1 million or more.[10]

It now is evident that the fee advancement issue cannot be resolved in time for a January 2007 trial, regardless of the Court of Appeals' disposition of KPMG's pending appeal. Accordingly, the trial date and related deadlines must be continued. Moreover, given all of the current uncertainties,[11] it is impossible now to predict with confidence when the charges in the indictment may be tried.[12]

---

[8] Her husband is limited by health problems.

[9] Warley Aff., docket item 255, ¶¶ 7-8.

[10] *Stein,* 435 F. Supp. 2d at 362 & n.163.

[11] There is every reason to believe that the government could eliminate all or substantially all of the scheduling uncertainties. As the Court previously pointed out, it appears to have the right, among others, under KPMG's deferred prosecution agreement to insist that KPMG waive any right to arbitration that it otherwise might have. *Id.* at 380 & n.240. The government, however, evidently is unwilling to do so.

[12] If the fee advancement question ultimately is to be resolved by this Court, it could be resolved, and any appeal determined, within a reasonably short period. For reasons previously explained, it is impossible to predict when a final resolution might be reached if it must be resolved in arbitration. *United States v. Stein,* 2006 WL 2556076, at *14 & nn.103-05 (S.D.N.Y. Sept. 6, 2006). While so-called fast-track arbitration on occasion has produced prompt resolution even of complex disputes, *see, e.g.,* Hans Smit, *Fast-Track Arbitration,* 2 AM. REV. INT'L ARB. 138 (1991), it is doubtful that it could do so here absent agreements between KPMG and the KPMG Defendants of which there is no sign on the horizon. The ability of fast-track arbitration to produce such results depends upon the presence of one of two circumstances: either (1) the parties and arbitrators must be determined to proceed quickly, without delay attributable to selection of arbitrators, litigation over such matters as arbitrability and consolidation, and other issues , or (2) the parties must have agreed to arbitrate under the auspices of an organization, the rules of which provide a framework for swift resolutions. *See id.* at 140-42. In this case, neither

5

Accordingly, the trial on the indictment is adjourned *sine die*. Defendants' time to disclose their witness and exhibit lists and to make expert disclosures is adjourned from December 1, 2006 until March 1, 2007. The Court will conduct a conference with counsel[13] on December 20, 2006 at 9:30 a.m. to consider possible trial dates as well as the status of discovery.[14] In the latter regard, the government shall respond, on or before December 4, 2006, to the defendants' assertions concerning discovery in their motion of November 10, 2006. The defendants' motion for a continuance [docket item 821] is denied as moot.

SO ORDERED.

Dated:        November 13, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

circumstance is present. Indeed, none of the arbitration clauses upon which KPMG relies specifies any tribunal administrator, such as the American Arbitration Association, or any procedural rules.

[13] The presence of the defendants is not required.

[14] The Court having previously determined that this is a complex case within the meaning of 18 U.S.C. § 3161(h)(B)(ii), and the Court in any case finding that the interests of justice served by exclusion of time for Speedy Trial Act purposes – including the defendants' interests in proper trial preparation and in pursuing prompt resolution of the fee advancement question in order to maximize their prospects of having sufficient resources to defend the case properly and the government's interest in having the case determined on the merits – at present outweigh the interests of the public and the defendants in a speedy trial, the time from now to and including December 20, 2006, to whatever extent it has not previously been excluded, is excluded for Speedy Trial Act purposes.