UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                    S1 05 Crim. 0888 (LAK)
                                                    06 Civ. 5007 (LAK)

JEFFREY STEIN, et al.,

                        Defendants.
------------------------------------------x
In re

UNITED STATES OF AMERICA,

        -against-

JEFFREY STEIN, et al.,

                        Defendants.

JEFFREY STEIN, et al.,

                        Plaintiffs,

        -against-

KPMG LLP,

                        Defendant.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The opinion dated September 6, 2006 is corrected by striking the text of footnote 50 and replacing it with the text of footnote 50 on the attached correction page. The attached corrected page 19 is substituted for page 19 of the original opinion.

        SO ORDERED.

Dated: November 20, 2006

                                                                   _____
                                                                    Lewis A. Kaplan
                                                                 United States District Judge

                                               (The manuscript signature above is not an image of the signature on the original document in the Court file.)

not be ordered where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[50]

With these principles in mind, we turn to the present controversy, assuming *arguendo* that the FAA controls.

> B.   *There Is No Evidence that Nine of the KPMG Defendants Are Parties to Any Relevant Arbitration Agreement*

KPMG's argument relies primarily on the 2003 KPMG partnership agreement (the "2003 Agreement"),[51] which provides in pertinent part:

> "Any dispute between the Firm and any Member or Separated Member or between or among Members or Separated Members arising out of or relating to the Firm or the accounts or transactions thereof or the dissolution or winding up thereof, the construction, meaning or effect of any provision of this Agreement, or the rights or liabilities of a Member or Separated Member or such Member's or Separated Member's representatives ('<u>Disputes</u>'), shall be submitted for resolution by arbitration in

---

[50] *AT&T Techs., Inc. v. Commc'n Workers of Am.,* 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582-83 (1960)); *accord Paramedics Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 653 (2d Cir. 2004); *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l Inc.,* 198 F.3d 88, 99 (2d Cir. 1999); *WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 74 (2d Cir. 1997).

[51] One preliminary point must be made with respect to the 2003 Agreement and all of the other KPMG partnership agreements referred to in this opinion. As noted, it was KPMG's burden to demonstrate the existence of an agreement to arbitrate. *Supra* n.46. Yet, as the KPMG Defendants asserted at oral argument, KPMG has not submitted any affidavit or other admissible evidence authenticating any of these agreements or establishing that the conditions prerequisite to their effectiveness (*e.g.,* the 2002 agreement provided that it could not be amended or changed absent the written consent of two-thirds of the members voting, KPMG Defs. Ex. 2, § 19.1, thus putting into question the effectiveness of the 2003 Agreement) were satisfied. In consequence, the KPMG Defendants are technically correct in saying that KPMG has not carried its burden. As KPMG's motion must be denied even assuming that the copies of partnership agreement(s) it relies upon are authentic and were properly adopted, it is unnecessary to rely on this ground, which in any case probably could be cured. The subsequent discussion assumes authenticity and due adoption.