# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
―――
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
202-371-7322
DIRECT FAX
202-661-8254
EMAIL ADDRESS
JOSEPH.BARLOON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
―――
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
―――
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

**MEMO ENDORSED**

December 26, 2012

**VIA FEDEX**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    RE:    United States v. Stein, et al., 05-CR-0888 (LAK)

Dear Judge Kaplan:

    We respectfully submit this letter on behalf of non-party KPMG, LLP ("KPMG") regarding the Court's December 11, 2012 order ("Order"), docket number 1516. The Order invites applications to extend the October 16, 2007 protective order, docket number 1255, which will otherwise expire on January 1, 2013. KPMG requests that the Court extend the protective order as to documents filed under seal with the Court because civil litigation relating to the matters at issue in the *Stein* case is still pending. As the documents produced subject to the protective order contain confidential information that could prejudice parties to the civil litigation, we believe that they should remain under seal until such time as all related civil litigation has been completed. KPMG also requests that the Court clarify its Order as to any and all other documents produced in response to the subpoena served upon KPMG by the Defendants pursuant to Federal Rule of Criminal Procedure 17 ("Subpoena").

    The Court entered protective orders on January 4, 2007 and October 16, 2007 that forbade the disclosure of KPMG's confidential documents. (Docket Nos. 849 and 1255). Both protective orders stated, in relevant part, that:

> All documents subject to this Protective Order must be returned to the producing party or destroyed at such time as they are no longer needed in this action, at the end of the criminal proceedings, or upon Order of the [C]ourt, whichever occurs first.

Honorable Lewis A. Kaplan
December 26, 2012
Page 2

(October 16, 2007 protective order at ¶ 6 (Docket No. 1255); *see also* January 4, 2007 protective order at ¶ 4 (Docket No. 849) (using the term "KPMG" instead of the term "the producing party")).

Because the criminal proceedings are complete, we believe the parties subject to the Protective Order are under an obligation either to return or to destroy any and all documents produced by KPMG covered by the Protective Order. To the extent that the Court's Order could be interpreted to mean that the above-quoted paragraph shall not be in effect unless the Court receives and grants an application to extend the Protective Order, we believe it necessary to issue an order clarifying that point.

Accordingly, we respectfully request that all documents subject to the October 16, 2012 protective order that were filed with the Court under seal remain under seal. We also ask, for the sake of clarity, that the Court direct that any and all documents produced by KPMG that remain in the parties' possession be destroyed or returned to KPMG.

Respectfully submitted,

Joseph L. Barloon

cc:   Margaret Garnett
      Christina C. Arguedas
      Stanley S. Arkin
      Steven M. Bauer
      Ronald E. DePetris
      Robert S. Fink
      Russell M. Gioiella
      Susan D. Hoffinger
      Robert H. Hotz, Jr.
      John F. Kaley
      Michael S. Kim
      Jay B. Lefkowitz
      Susan R. Necheles
      George D. Niespolo
      David B. Pitofsky
      David C. Scheper
      David Spears
      Jack Townsend
      Gregory Vega
      John R. Wing

**MEMO ENDORSED**

The documents shall remain under seal through 1/16/13 and, if a motion for greater relief is filed by then, until the motion is ruled upon.

SO ORDERED

LEWIS A. KAPLAN
1/3/13